Barker, J.
The defendant Perry claims that judgment was entered against him in violation of an oral agreement made with Rackham after he became the owner of the judgment and the note in suit. Perry also claims, that as between himself and Rackham, the latter stands in the relation of first endorser, in pursuance of an agreement between themselves, and that his position is that of an accommodation endorser for Rackham, in whose interest the note was negotiated. In support of the first contention, we think the proofs and the circumstances are in a measure the strongest on Perry’s side of the question. It is obvious that Seeley intervened in the interest of Perry and took an assignment of the claim, that Perry’s property might be be released from,the attachment. When the negotiations were had with Rackliam for a sale of the judgment and the note, Perry was present, and he and Seeley both state in their affidavits that Rackham agreed not to proceed against Perry in the pending suit, and that with a view of determining the controversy whether Rackham could enforce the note against Perry, it should be treated as if Rackham had paid up the note, and he should commence a suit at once in the courts of this State to recover from Perry as the first endorser of the note, and in that manner determine the question in dispute. Perry and his attorney both say that it was the intention to have appeared in that action, and to contest the question whether a recovery could be had against him for the benefit of Rackham, who had become *152 tbe owner of tbe demand. A suit was commenced by Rackbam on tbe very day be took an assignment, in which Perry appeared. In tbe assignment made by Seeley, there is a clause in these words, “ and it is further agreed that nothing herein contained shall be in anyway construed to effect, change, modify or release any of the rights or liabilities of any or either of the parties hereto.”
A case was made for opening the default. Notwithstanding the denial set forth in the opposing affidavits, we think the Special Term fairly used the discretion vested in the court in such matters, and we can find no satisfactory reason for reversing its action. The circumstance that Rackham had commenced an action upon the judgment in another State is no bar to granting the motion, and should have but little consideration in disposing of the case. The circumstances as disclosed, and the history of negotiations had between the parties, constitute a sufficient excuse for not making the motion at an earlier date. When Rackham applied to be substituted as plaintiff, good faith required from him a full statement of the history of the case, and to make mention that he had commenced a suit against Perry, and the object of that suit, that the court could better determine whether he should be substituted or not, as the plaintiff therein. In view of the form of the order which we shall make on affirming the order appealed from, we shall not at this time determine whether, upon all the facts as now disclosed, it would be proper to allow Rackham to be substituted as plaintiff.
The appellant claims that the order of the court setting aside the default, contains a provision in the nature of an injunction order, restraining Rackham from proceeding to enforce the note against Perry in the pending action, and bases the same upon the following clause of the order: “ that all or any proceedings taken by the said plaintiff Rackham, to enforce said judgment so set aside, or to enforce the collection of the note mentioned in the moving papers thereunder, be, and the same are set aside, vacated and annulled, and that said plaintiff and his attorneys, agents, and servants be, and are hereby restrained and enjoined from taking any steps for the collection of said demand, by said judgment, or from in any manner enforcing the same.” This is simply a restraint against the enforcement of the judgment entered by default, and we cannot believe that it was the intention of the court' to restrain a prosecution upon the note, and the language used is not susceptible of such construction in view of the nature of the question presented to the court for its adjudication.
The order appealed from is modified by striking from the same •the words following the word “ annulled,” including the words “ enforcing the same,” as modified, affirmed with $10 costs.
Smith and Bbaduby, JJ., concur; Haight, J., not sitting.